UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAMIE WEINBERG,

                              Plaintiff,                        CV:16-248

v.

FORSTER & GARBUS LLP
and PALISADES COLLECTION, LLC
                             Defendants.
-----------------------------------------------------------X

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for declaratory, actual and statutory damages brought by Plaintiff, **Jamie Weinberg**, an individual consumer,(hereinafter the "Plaintiff") against FORSTER & GARBUS LLP (hereinafter the "F&G") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. § 2201 and § 2202; both F & G and Palisades Collection, LLC(hereinafter "Palisades") for violation of the New York Fair Debt Collection Practices Act §601 (8) which prohibits principal creditors and their agents (debt collectors) from making a "claim or attempt, or threaten to enforce a right with knowledge or reason to know that the right does not exist" (hereinafter "NYFDCPA") General Business Law §349-350 (hereinafter "GBL §349-350) against both F&G and Palisades which prohibits deceptive acts or practices in the conduct of any business and violation of 23 NYCRR1.3 against F&G for failing to provide plaintiff clear and conspicuous notice that the applicable statute of limitations has expired.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here where the Plaintiff resides.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to §1367 of Title 28 of the U.S.C and such have jurisdiction to rule on violation of the New York Fair Debt Collection Practices Act §601, GBL §349-350 and 23 NYCRR1.3.

## III. PARTIES

4. Plaintiff, **Jamie Weinberg**, (hereinafter referred to as "**Plaintiff**") is a natural person residing in Suffolk, New York; a "consumer" as that term is defined by 15 U.S.C. §1692a(3); and a person affected by a violation of the FDCPA and other claims with standing to bring this claim primarily under 15 U.S.C. §§1692.

5. Defendant **F&G** is a New York Professional Limited Liability Partnership engaged in the business of collecting debt in New York State with its principal place of business at 60 Motor Parkway, Commack, New York 11725-5710. The principal purpose of the Defendant is the collection of debts in this county and state and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6).

6. Defendant F&G is engaged in the collection of debts from consumers using the mail and the telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

7. Defendant **Palisades** is the Creditor of record who is in the business of buying delinquent debt on the secondary market. Palisades Collection LLC is a Delaware Limited Liability Company with its headquarters located at 210 Sylvan Ave Englewood Cliffs, New Jersey, 07632. Its registered agent for service of process on file with the New York Secretary is C T Corporation System 111 Eighth Avenue, New York, New York, 10011. Palisades is a Debt Collector for purposes of the FDCPA, 15 U.S.C 1692a (6), a principal creditor for purposes of the NYFDCPA and GBL §349, and a Debt Buyer for purposes of NYCRR Article 23 §1.3

## IV. FACTUAL ALLEGATIONS

8. Plaintiff allegedly owes a debt derived from a purported debt which was originally owed to Heritage Chase**.**

9. Said debt was purportedly purchased by Palisades, the alleged holder or owner of the debt**.**

10. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant F & G for collections against and from the Plaintiff.

11. From in or around October 10, 2013 to August 7, 2015, for a total of at least five (5) letters, Plaintiff received what purports to be "dunning letters" from F&G, see **Exhibit "A**", that she owes $7,716.84 for a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" (hereinafter referred to as "debt") as that term is defined by 15 U.S.C. §1692a(5).

12. Defendant F &G admits and holds themselves out to be a debt collector on their letters. **See Exhibit "A".**

13. Plaintiff has had considerable embarrassment, anxiety and fear for herself and the financial well-being of her family, amongst other things. See attached **Exhibit "B"**; Plaintiff Affidavit in Support.

14. The above-described collection communication made to Plaintiff by Defendants, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692 d, 1692 e, 1692 e (2), 1692 e (10); 1692 f, 1692 f(1), New York General Business Law §601 and §§ 349-350-f; and 23 NYCRR §1 1.3; amongst others.

## V.  SUMMARY

15. The above-described collection communications made to Plaintiff by Defendant and/or Defendant employees, were made in violation of numerous and multiple provisions of the FDCPA, NY GBL and New York Codes Rules and Regulations, including but not limited to all of the provisions of each cited herein.

16. During their collection communications, Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692 in that they failed to inform Plaintiff that the debt it was attempting to collect was barred by the Statute of Limitations in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692; New York General Business Law §601 and §§ 349-350-f; and 23 NYCRR §1 1.3.

17. Additionally, due to Defendant's failure to inform Plaintiff that due to the age of the debt the creditor had sat on its rights such that the debt was beyond the New York Statute of limitations, Defendant engaged in deceptive acts such that Plaintiff's debt could have been re-aged making Plaintiff liable for debt that is uncollectable.

18. Plaintiff has suffered statutory damages as a result of this illegal collection communication by Defendants F &G, and Palisades pursuant to the doctrine of Respondeat Superior; as well as additional damages in the form of anger, anxiety, emotional distress, embarrassment, confusion and frustration, amongst other negative emotions.

19. The deceptive form and manner of F & G's collection letter and subsequent communication without proper disclosures **in a conspicuous** manner by F & G and by Palisades by virtue of the doctrine of Respondeat Superior informing the debtor that the debt which they were attempting to collect was barred by the statute of limitations and that any voluntary payment made would re-age the debt such that a judgment could then be obtained was a clear violation of FDCPA 15 U.S.C. 1692d; 1692e; 1692 e(2); 1692e (10); 1692f; 1692f(1); GBL §§601 and 349 and 23 NYCRR §1 1.3.

20. Additionally, pursuant to GBL §601 (8), GBL §349 and 23 NYCRR § 1 1.3, Defendant Palisades is also liable for statutory damages, punitive damages, and reasonable attorney fees.

21. In the "Dunning" letters (see Exhibit "A") there contains no mention conspicuous or otherwise that the alleged debt that the principal creditor (Palisades) and the debt collector (F&G) are attempting to collect a debt that is barred by the Statute of Limitations in New York.

22. Plaintiff last made payment on the alleged debt in July 2007 which means that the Statute of Limitations for the alleged debt had expired as of July 2013 and prior to the October 2013 collection attempts made by the debt collector.

23. Further, Palisades, under the doctrine of Respondeat Superior caused its agent, F & G, a debt collector to attempt to collect a debt failing to disclose that the debt in question was time barred by the statute of limitations and that no action could be taken against plaintiff to enforce collection.

24. The debt collector was aggressive and attempted to harass and otherwise embarrass plaintiff to make a payment on a debt which was barred by the statute of limitations.

25. Plaintiff is entitled to statutory damages as well as punitive damages as a result of the principal creditor's and the debt collector's deceptive practices as well as suffering non-pecuniary damages, such as fear, embarrassment, harassment and stress due to defendants prohibited and deceptive acts.

**FIRST CLAIM FOR RELEIF**
**VI. <u>FAIR DEBT PRACTICES ACT (FDCPA) VIOLATIONS AGAINST BOTH DEFENDANTS</u>**

26. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

27. Defendants violated numerous provisions of the FDCPA. Defendant's willful violations include but are not limited to the following:

    (a) §1692 d: Defendant's letter had the natural consequence to harass, oppress and abuse the Plaintiff in an attempt to make her settle a debt beyond the Statute of Limitations.
    (b) §1692 e: Defendant's letter was false, deceptive and misleading because the debt it was attempting to collect was in fact stale and proper warning was never given that if Plaintiff were to voluntarily pay the debt that the statute of limitations date would be renewed; debt collector deceptively

  claims that if the plaintiff does not take the offered "settlement" it would be withdrawn and further used the same or similar tactics in a telephone communication when the settlement was in fact deceptively designed to re-age time barred debt.

  The letter was additionally intended to instill fear that if the settlement was not accepted, the full amount of the debt would be owed when in fact the debt is uncollectible.

(c) §1692 e (2): Defendant's letter misrepresents the amount of the debt as it does NOT disclose the <u>legal status</u> of the debt as "non- collectable" debt barred by the applicable Statute of Limitations**.**

(d) §1692 e (10): Defendant intentionally deceived Plaintiff into believing it could still "collect" on the debt although are barred from doing so by the Statute of Limitations.

(e) §1692 f: Defendant's letters were unfair and unconscionable in an attempt to collect the alleged debt past the Statute of Limitations.

(f) §1692 f(1): Defendants are attempting to collect a debt not permitted by law as the Statute of Limitations has past.

(g) Palisades caused defendant F &G to attempt to collect the debt and as a result of the doctrine of Respondeat Superior, is vicariously liable for all of the actions and deceptive collection practices of its agent, F &G.

28. As a result of each of F&G's violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA; statutory damages in an amount up to $1,000.00 from each Defendant pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney fees and costs from the Defendants to 15 U.S.C. §1692k(a)(3).

## SECOND CLAIM FOR RELIEF
## VII. <u>NEW YORK FAIR DEBT COLLECTION PRACTICES ACT AS AGAINST BOTH DEFENDANTS</u>

29. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

30. The Plaintiff is a "consumer" as that term is defined in the New York Fair Debt Collection Practices Act § 600 of New York.

31. The Plaintiff's relationship with the Defendants arose out of a "consumer debt" as that term in the New York Fair Debt Collection Practices Act § 600 of New York.

32. The Defendants were and are "debt collectors" and/or Principal Creditors as that term is defined by applicable provisions of the New York Fair Debt Collection Practices Act§ 600.

33. Under the New York Fair Debt Collection Practices Act §601 the Defendant Palisades and it agent F&G were and are prohibited from engaging in any conduct the natural consequences of which is to oppress, harass or abuse any person. All of the FDCPA violations are realleged and incorporated herein by this reference and taken together constitute the conduct prohibited by this section. The improper notice had a harassing and oppressive effect by falsely attempting to lead plaintiff to believe that the debt which is uncollectable and barred by the statute of limitations may not be. The Defendants used this to their advantage as a method of collection through and in a manner to force payment out of fear and intimidation in a clear effort to oppress the consumer and for their own financial gains. Plaintiff has suffered non-pecuniary damages in the form of confusion, stress, embarrassment, fear, anxiety and harassment.

34. As a result, the Defendants are liable under New York Fair Debt Collection Practices Act § 602 and plaintiff is entitled to a declaratory judgment that Defendants violated the NYFDCPA.

### THIRD CLAIM FOR RELIEF
### VIII.   GENERAL BUSINESS LAW §349 AS AND AGAINST BOTH DEFENDANTS

33. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

34. The Plaintiff is a "consumer" as that term is defined in the GENERAL BUSINESS LAW § 349 of New York.

35. The Plaintiff's relationship with the Defendants arose out of a "consumer debt" as that term in the General Business Law (hereinafter "GBL") § 349 of New York.

36. The Defendants, Palisades and F&G were and are respectively a "principal creditor" and "debt collector" as that term is defined by applicable provisions of the GBL§ 349.

37. Under the GBL §349 the Defendants were and are prohibited from engaging in any deceptive behavior, or in the case of Palisades through its agency relationship with defendant F & G, under the doctrine of Respondeat Superior to commit such deceptive acts for pecuniary gain. All of the FDCPA and NYFDCPA violations are re-alleged and incorporated herein by reference and taken together constitute the conduct prohibited by this section. The improper and deceptive behavior, contained in F & G's numerous letters deceptively attempted to cause Plaintiff to re-age a debt for which the creditor has no recourse due to the expiration of the Statute of Limitations which is a material misrepresentation by omission and that the debt that she thought was barred by the New York State Statute of limitations may not be. The Defendants used this to their advantage as a method of collection through and in a manner to force payment out of fear and intimidation in a clear effort to oppress the consumer and for their own financial gains.

38. Plaintiff has suffered both statutory damages; and non-pecuniary damages in the form of confusion, stress, embarrassment, fear, anxiety and harassment.

39. As a result, the Defendants are liable under GBL § 349 violations and penalties.

## FOURTH CLAIM FOR RELIEF
## IX. NYCRR ARTICLE 23 §1.3 AS AND AGAINST BOTH DEFENDANTS

40. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs as though fully stated herein.

41. The Plaintiff is a "consumer" as that term is defined in the 23 NYCRR § 1.1 (c).

42. The Plaintiff's relationship with the Defendants arose out of a "debt" as that term is defined in 23 NYCRR §1.1 (d) of New York.

43. The Defendants, Palisades and F&G were and are respectively a "debt buyer" and "debt collectors" as that term is defined by applicable provisions of the 23 NYCRR §1.1 (e).

44. Pursuant to 23 NYCRR § 1.3 the Defendants were and are prohibited from failing to conspicuously disclose that the alleged debt owed is barred by the applicable Statute of Limitations. All of the FDCPA and NYFDCPA violations are re-alleged and incorporated herein by reference and taken together constitute the conduct prohibited by this section.  The improper and illegal behavior in the form of numerous letters deceptively attempted to cause Plaintiff to re-age a debt for which the creditor has no recourse due to the expiration of the Statute of Limitations which is a material misrepresentation by omission; and that the debt that she thought was barred by the New York State statute of limitations may not be. The Defendants used this to their advantage as a method of collection through and in a manner to force payment out of fear and intimidation in a clear effort to oppress the consumer and for their own financial gains in direct violation of 23 NYCRR 1.3 which specifically requires debt buyers and or debt collectors to disclose same.

45. Defendant Palisades by Respondeat Superior and F & G in their letters which Palisades directed F & G to write to plaintiff **never** disclosed to plaintiff that the debt sought to be collected was barred by the statute of limitations whether conspicuous or otherwise.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 pursuant to 15 U.S.C § 1692k(a)(1) against each Defendant;

C. Declaratory Judgment pursuant to New York General Business Law §601.

D. Statutory and punitive damages pursuant to GBL §349-50.

E. Punitive damages pursuant to 23 NYCRR §1.3.

F. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant; and

G. For such other and further relief as the Court may deem just and proper.

Dated this 16th day of January, 2016.

Respectfully submitted,
/s/ Darren Aronow_____
Darren Aronow, Esq.
Attorney for Plaintiff
The Law Office of Darren Aronow, PC
8B Commercial Street, Suite 1
Hicksville, NY 11801
516-663-0970 phone
516-303-0066 fax

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK              )
                               ) ss
COUNTY OF NASSAU               )

Pursuant to 28 U.S.C. § 1746, Plaintiff, **Jamie Weinberg**, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled Civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2016

/s/ Jamie Weinberg_____
**Jamie Weinberg**


Sworn and subscribed before me this
the 16th day of January, 2016.
/s/ Darren Aronow LIC #01ar6022417
Notary Public